IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LINDA K. ROUSH,                )
                               )
          Plaintiff,           )
                               )
     v.                        )
                               )  Civil Action No. 06-1223
MICHAEL J. ASTRUE,             )
COMMISSIONER OF                )
SOCIAL SECURITY,[1]            )
                               )
          Defendant.           )


MEMORANDUM JUDGMENT ORDER

AND NOW, this 24th day of September, 2007, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by

---

[1] Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007, succeeding JoAnne B. Barnhart.

substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed an application for SSI on December 28, 2000, alleging disability as of August 1, 1999 due to hypertension and hiatal hernia. Plaintiff subsequently withdrew her claim for benefits on September 5, 2001. Plaintiff then filed her current application on February 5, 2002, again alleging disability as of August 1, 1999, but only due to hypertension. Plaintiff's application was denied. At plaintiff's request, an ALJ held a hearing on November 5, 2002, at which plaintiff appeared represented by counsel. On December 13, 2002, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review. Plaintiff subsequently filed suit in the United States District Court for the Western District of Pennsylvania. By order dated December 3, 2003, the district court remanded the case to the Commissioner for further proceedings. The ALJ held a supplemental hearing on July

13, 2004. On July 21, 2004, the ALJ issued a decision finding that plaintiff is not disabled. The Appeals Council denied plaintiff's request for review on August 21, 2006, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 53 years old at the time of the ALJ's decision and is classified as an individual closely approaching advanced age under the regulations. 20 C.F.R. §416.963(d). Plaintiff has a seventh grade education. Plaintiff has past relevant work experience as a daycare provider and a nurse's aide, but she has not engaged in substantial gainful activity at any time relevant to this case.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of malignant hypertension, gastroesophageal reflux disease, diverticulitis, paraumbilical hernia, right inguinal hernia, major depressive disorder and generalized anxiety disorder, those impairments, alone or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1 of 20 C.F.R., Subpart P, Regulation No. 4 ("Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform light work with a number of other non-

exertional limitations. Plaintiff must avoid prolonged sitting, standing or walking, as well as exposure to heights, moving machinery or temperature and humidity extremes. In addition, plaintiff is limited to work that does not involve frequent interaction with supervisors or the public. Further, she requires work that is low stress/concentration and that involves simple, routine, unskilled job tasks. Finally, plaintiff requires work that allows for a sit/stand option every 15 to 20 minutes and which allows for access to a bathroom (collectively, the "RFC Finding"). Based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background and residual functional capacity enable her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a coupon redemption clerk, cleaner/housekeeper or floor worker. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has

promulgated regulations that govern the evaluation of disability. 20 C.F.R. §§416.901-.998. The process is sequential and follows a "set order" of inquiries. 20 C.F.R. §416.920(a)(4). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary. 20 C.F.R. §416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

In this case, plaintiff challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by her impairments. 20 C.F.R. §416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain

demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §416.945(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on the following grounds: (1) the ALJ did not comply with the remand order and his hypothetical to the vocational expert still is defective; (2) the ALJ improperly re-adjudicated the issue of plaintiff's depression; (3) the ALJ did not give appropriate weight to the opinions of plaintiff's treating physicians; and (4) the ALJ erred in evaluating plaintiff's subjective complaints regarding her limitations. For the reasons explained below, the court finds that these arguments lack merit.

Plaintiff first argues that the ALJ did not comply with the remand order and his hypothetical question to the vocational expert still is defective. The district court remanded the case to the Commissioner for further proceedings because it determined that the ALJ's hypothetical question to the vocational expert did not accurately reflect his conclusions about the severity of plaintiff's depression. (R. 581). According to the district court's order, the ALJ failed to include any limitations related to plaintiff's major depression in his hypothetical to the vocational expert. (R. 581). Plaintiff argues that the ALJ made the same error on remand by characterizing plaintiff's depression as moderate instead of major, and therefore the ALJ's hypothetical did not reflect the severity of her mental condition. Plaintiff's argument is incorrect.

The ALJ clearly found in his decision that plaintiff's

diagnosis of major depressive disorder is a severe impairment. (R. 547). However, the diagnosis of major depressive disorder does not, alone, signify any particular degree of functional limitation. Thus, the ALJ next properly considered the functional limitations that plaintiff suffers as a result of her depression. (R. 548-49). After considering the evidence of record, the ALJ found that plaintiff has mild limitations in her activities of daily living, moderate limitations in social functioning, moderate limitations in concentration persistence or pace and no episodes of decompensation. (R. 549).

In consideration of plaintiff's functional limitations that resulted from her depression, the ALJ posed a hypothetical question to the vocational expert which fully accommodated those limitations. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987) (an ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence). Specifically, the ALJ's hypothetical restricted plaintiff to work that does not involve frequent interaction with supervisors or the public as well as work that is low stress/concentration and that involves simple, routine, unskilled job tasks. (R. 770). Thus, the ALJ complied with the remand order by posing a hypothetical to the vocational expert that accommodated the functional limitations caused by plaintiff's diagnosis of major depressive disorder.

Plaintiff next argues the ALJ improperly re-adjudicated the issue of plaintiff's depression to "circumvent the remand."

AO 72
(Rev. 8/82)

According to plaintiff, on remand, "the ALJ did not discuss the earlier determination of [plaintiff's] depression being severe and being classified as major...." Plaintiff's Brief (Document No. 10) at 5.

Plaintiff is incorrect that the ALJ re-adjudicated the issue of plaintiff's depression. Despite plaintiff's suggestion to the contrary, on remand, the ALJ found that plaintiff's diagnosis of major depressive disorder is a severe impairment.[2] (R. 547). As stated above, the ALJ properly assessed the functional limitations plaintiff suffers as a result of her depression. As also previously explained, the ALJ then fully accommodated plaintiff's functional limitations in a hypothetical to the vocational expert. Thus, on remand, the ALJ properly considered the issue of plaintiff's depression.

Plaintiff's third argument is that the ALJ's step 5 finding is not based on substantial evidence because he gave inadequate weight to the respective opinions of Dr. Connor, who was her treating primary care physician, and Dr. Dingcong, who was her treating psychiatrist. A treating physician's opinion on the nature and severity of a claimant's impairment will be given

---

[2] After receiving notice of the district court's order remanding this case to the Commissioner, the Appeals Council entered an order remanding the case to an ALJ. The Appeals Council's remand order vacated the ALJ's original decision and directed the ALJ to conduct further proceedings consistent with the district court's order, including providing plaintiff an opportunity to appear at a hearing, further developing the record and issuing a new decision. (R. 585). This court's review of the ALJ's decision (R. 546-55) indicates that the ALJ complied with the remand order from the district court and the Appeals Council.

controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §416.927(d)(2); Fargnoli, 247 F.3d at 43. Here, the ALJ explained the reasons why he did not give the opinions of Drs. Connor and Dingcong controlling weight. (R. 552). After reviewing the record and the ALJ's decision, the court is satisfied that the ALJ properly analyzed and weighed the opinions of plaintiff's treating physicians in accordance with the standard set forth in the regulations.

Plaintiff final argument is that the ALJ erred in evaluating her subjective complaints regarding her limitations. A claimant's complaints and other subjective symptoms must be supported by objective medical evidence. 20 C.F.R. §416.929(c); Hartranft v. Apfel, 181 F.3d 358, 362 (3d Cir. 1999). An ALJ may reject the claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999). Here, the ALJ properly analyzed plaintiff's subjective complaints, and he explained why he did not find plaintiff's testimony to be fully credible.

Plaintiff contends that the ALJ relied on one portion of Dr. Francis' report that plaintiff can perform certain activities of daily living to discredit her testimony about the impact her impairments have on her ability to work. To the contrary, in analyzing plaintiff's credibility, the ALJ considered all of the

- 9 -

relevant evidence in the record, including the medical evidence, plaintiff's activities of daily living, the medications she takes and the extent of her treatment, plaintiff's own statements about her symptoms and statements by her physicians about her symptoms and how they affect her.  See 20 C.F.R. §416.929(c)(1); Social Security Ruling 96-7p.  The ALJ then considered the extent to which plaintiff's alleged functional limitations reasonably could be accepted as consistent with the evidence of record and how those limitations affect her ability to work.  20 C.F.R. §416.929(c)(4).  The ALJ determined that the objective evidence is inconsistent with plaintiff's allegation of total disability.  Accordingly, the ALJ determined that plaintiff's testimony regarding her limitations was not entirely credible.  (R. 553).  This court finds that the ALJ adequately explained the basis for his credibility determination in his decision (R. 550-51), and is satisfied that such determination is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act.  The ALJ's findings and conclusions are supported by

substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

*Gustave Diamond*
Gustave Diamond
United States District Judge

cc: Mary L. Pothoven, Esq.
Law Office of Querino R. Torretti
600 Main Street
P.O. Box 218
Reynoldsville, PA 15851

Megan Farrell
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219